# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT HARRIS, JR.** **#364615,** | ) ) ) |
| Plaintiff, | ) NO. 3:23-CV-01053 ) |
| v. | ) ) |
| **MICHAEL BROOKS**, *et al.*, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE ) FRENSLEY |
| Defendants. | ) |

## MEMORANDUM OPINION

Robert Harris, Jr., a pre-trial detainee in the custody of the Davidson County Sheriff's Office ("DCSO") in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Corporal Michael Brooks, "Metro Govt. of Nashville", Corporal Statler, Nurse Michaela, and Nurse Kyla. (Doc. No. 1).

## I. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Facts Alleged in the Complaint

On June 26, 2023, Corporals Brooks and Statler were transporting Plaintiff and at least one inmate from court to the jail in a DCSO van. While exiting a "the DDC garage," the van "rubbed the frame of the garage door." (Doc. No. 1 at 5). Corporal Brooks stopped the van, determined there was no damage, repositioned the van, and exited the garage. Plaintiff told Corporal Statler that Plaintiff's neck was hurting. Upon arriving at the courthouse, Corporal Brooks notified Lieutenant Hampton of the incident, and Corporal Statler escorted Plaintiff to "DDC Medical" to be "checked out." (*Id.*) Without properly evaluating Plaintiff, Nurses Michaela and Kyla relayed that Plaintiff was "okay." (*Id.*) Plaintiff was not permitted to go to the hospital for additional evaluation.

### B. Analysis

The complaint names five Defendants to this action: Corporals Brooks and Statler in their official and individual capacities; Nurses Michaela and Kyla in unspecified capacities; and the "Metro Govt of Nashville." (Doc. No. 1 at 1, 2). The complaint alleges that Plaintiff did not receive appropriate medical care after he was involved in an incident involving a DCSO transport van.

The complaint cites the Eighth and Fourteenth Amendments to the United States Constitution. (*Id*. at 5).

The Eighth Amendment protects against "cruel and unusual punishments." U.S. Const. amend. VIII. For persons who are incarcerated and cannot care for themselves, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When prison officials are "deliberate[ly] indifferen[t]" to a prisoner's "objectively . . . serious" needs, that violates the Eighth Amendment. *Id*. at 834 (quotations omitted). Deliberate indifference includes (1) a substantial (objective) risk of serious harm and (2) the official's (subjective) knowledge and disregard of that substantial risk. *Id*.; *see Kimble on behalf of Davis v. Williams Cnty., Tenn*., No. 3:22-cv-00199, 2023 WL 2601929, at *4 (M.D. Tenn. Mar. 22, 2023) (noting that the objective component addresses the conditions leading to the alleged violation and the subjective component addresses the officials' state of mind"). Deliberate indifference "entails something more than mere negligence." *Id*. at 835. It is akin to criminal recklessness, requiring actual awareness of the substantial risk. *Id*. at 839-40.

But the Eighth Amendment applies only to "those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). It "does not apply to pretrial detainees," like Plaintiff Harris. *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022). "Instead, pretrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Id*. (citing *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020)). "[D]ue process rights to medical care 'are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id*. (quoting *City of Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244 (1983)).

3

Like an Eighth Amendment claim for inadequate medical treatment asserted by a prisoner, a Fourth Amendment claim for inadequate medical treatment asserted by a pretrial detainee has objective and subjective components. The objective component requires Plaintiff to demonstrate that he had an "objectively serious medical need." *Id*. (quoting *Brawner v. Scott Cnty., Tenn*., 14 F.4th 585, 597 (6th Cir. 2021)). An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Griffith v. Franklin Cty. Ky.*, 975 F.3d 554, 567 (6th Cir. 2020) (internal quotation marks omitted). The subjective component, as recently modified by the Sixth Circuit, "require[s] only recklessness." *Greene*, 22 F.4th 593 at 605-06 (quoting *Brawner*, 14 F.4th at 597). "In other words, a plaintiff must prove that the defendant acted 'deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. at 606 (citation and quotation marks omitted in original).

Here, even assuming for purposes of the required PLRA screening that Plaintiff's alleged neck injury is a serious medical need, the complaint does not contain allegations to plausibly suggest that any Defendant acted with a reckless disregard of Plaintiff's serious medical need. Instead, the complaint alleges that, after the incident, Plaintiff told Corporal Statler that Plaintiff's neck was hurting, and he took Plaintiff to "DDC Medical" for evaluation as a precautionary measure. While Plaintiff takes issue with the extent of his evaluation by Nurses Michaela and Kyla and the decision not to transfer Plaintiff to an outside hospital for assessment, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical

attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citations omitted). Plaintiff here simply disagrees with the decisions made regarding the proper evaluation and treatment of his alleged neck injury. There is no allegation that any Defendant acted "'deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Greene*, 22 F.4th 593 at 605-06 (quoting *Brawner*, 14 F.4th at 597). Thus, the complaint fails to state Section 1983 deliberate-indifference to serious medical needs claims upon which relief can be granted as to all named Defendants in their individual capacities.

With respect to Plaintiff's official-capacity claims against Corporals Brooks and Statler, when a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). According to the complaint, both Defendants are employees of the DCSO. (Doc. No. 1 at 1-2). It appears then, that Plaintiff seeks to hold the Metropolitan Government of Nashville and Davidson County ("Metro") liable for Defendants' actions.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the city, county, or its agent. *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). Municipalities are not subject to liability for the deprivation of civil rights under the doctrine of respondeat superior. *See id*. at 691. Thus, for Metro to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official Metro policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735

5

F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, Plaintiff does not attribute his alleged harm to any DCSO policy. In fact, the factual allegations of the complaint do not mention DSCO policies at all. Accordingly, Plaintiff's official capacity claims against Corporals Brooks and Statler, as well as Plaintiff's claim against Metro (all of which are duplicative), will be dismissed for failure to state Section 1983 claims upon which relief can be granted.

### III. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint fails to state Section 1983 claims upon which relief may be granted against all named Defendants. This case, therefore, will be dismissed.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6

Case 3:23-cv-01053   Document 4   Filed 10/20/23   Page 6 of 6 PageID #: 42